UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUG HECKMAN AND
VIVIAN HECKMAN

    Plaintiffs,

v.                                                      Case No. 8:20-cv-39-T-60AEP

UNITED HEALTHCARE
INSURANCE CO.

    Defendant.
_____/

## ORDER DENYING PARTIAL MOTION TO DISMISS

This matter is before the Court on "Defendant UnitedHealthcare Insurance Co.'s Partial Motion to Dismiss and Memorandum of Law in Support." (Doc. 30). Plaintiffs filed a response in opposition to the motion. (Doc. 31). Upon review of the motion, response, court file, and record, the Court finds as follows:

### Background[1]

Plaintiff Doug Heckman worked for Nike and was a participant in Nike's welfare benefit plan (the "Plan"). His wife, Plaintiff Vivian Heckman, participated in the Plan as a beneficiary based on Mr. Heckman's employment with Nike. The Plan was funded by a group insurance policy issued and underwritten by Defendant

---

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motions to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

UnitedHealthcare Insurance Co. ("United").[2] Radiation therapy is covered under the Plan, and Mrs. Heckman submitted a claim for benefits for proton beam radiation therapy to treat a life-threatening lung cancer. United denied the claim for treatment based on policy exclusions for experimental and investigational treatments. Plaintiffs allege that the treatment was not experimental and investigational.

United's failure to authorize treatment delayed Mrs. Heckman's treatment and required Plaintiffs to pay for the treatment themselves, in the total amount of $76,000 to date. Plaintiffs were jointly responsible for these payments and made them to the provider. Mrs. Heckman is financially dependent on Mr. Heckman, and it was therefore Mr. Heckman who ultimately provided the payments for Mrs. Heckman's treatments.

Plaintiffs allege they are "entitled to expense benefits in the amount of $76,000 as they fulfilled the requirements for coverage under the Plan," because (1) "[t]he benefits are permitted under the Plan," (2) "Plaintiffs have satisfied all conditions to be eligible to receive the benefits," and (3) they "have not waived or otherwise relinquished entitlement to the benefit."

---

[2] The amended complaint states that Exhibit A is a copy of the United policy. Exhibits A and B, however, appear to be a copy of a Nike employee handbook describing the terms of the Plan. *See* (Docs. 27-1 at 1-4; 27-2 at 149). This handbook states that the Plan's medical benefits are self-funded by Nike and by employee contributions, rather than by an insurance policy. *See* (Doc. 27-1 at 4). This discrepancy is irrelevant to United's motion to dismiss, which turns on whether Mr. Heckman is suing "to recover benefits due to him under the terms of his plan," or to "enforce his rights under the terms of the plan." The only information before the Court as to the specific terms of Nike's Plan is contained in the amended complaint and its Exhibits A and B.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

Plaintiffs filed this action under the Employee Retirement Income Security Act ("ERISA"). United moves under Rule 12(b)(6) to dismiss the amended complaint as to Mr. Heckman, arguing that he lacks "statutory standing" under 29 U.S.C. § 1132(a)(1)(B) of ERISA. 29 U.S.C. § 1132(a)(1) provides in relevant part:

>   **(a)     Persons empowered to bring a civil action**
>
>   A civil action may be brought —
>
>   (1) by a participant or beneficiary—
>
>   (A) for the relief provided for in subsection (c) of this section, or
>
>   (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . .

Under the statute, then, a "participant" may bring an action, among other things, to recover benefits due him under the terms of his plan or to enforce his rights under the terms of the plan. The amended complaint alleges that Mr. Heckman is a participant in the Nike Plan. He is therefore one of the persons authorized to assert a claim under § 1132(a)(1)(B).

United, however, focuses on the statutory language requiring that a plaintiff seek recovery of "benefits *due to him* under the terms of his plan" or to "*enforce his rights* under the terms of the plan." (Doc. 30 at 4). United argues that a payment to reimburse Mr. Heckman for the cost of medical services provided to

Mrs. Heckman does not meet this requirement because it does not relate to medical services Mr. Heckman personally sought or received.  *See* (Doc. 30 at 4, 6).

United, however, offers no real argument why the "benefits" and "rights" running to Mr. Heckman "under the terms of the plan" must be construed so narrowly.  "Benefit" is not defined in the statute and, as the Eleventh Circuit has noted, the dictionary definition of "benefit" is simply an "advantage" or a "privilege." *Frulla v. CRA Holdings, Inc.*, 543 F.3d 1247, 1253 n.3  (11th Cir. 2008) (citing *Black's Law Dictionary* 166 (8th ed. 2004)).  Under that definition, the court held that not having to pay a contribution constituted a "benefit" of a health plan.  *Id*. at 1253; *see also Heffner v. Blue Cross & Blue Shield of Ala., Inc.*, 443 F.3d 1330, 1338 (11th Cir. 2006) ("Viewed in these real economic terms, not having to pay a deductible is a benefit of a plan.").

Mr. Heckman is a Nike employee and participant in the Plan.  It is therefore, in a sense, "his" Plan, funded in part by his contributions, and his wife is a dependent and beneficiary under his Plan.  Under these circumstances, the provision of medical coverage for his wife – and reimbursement to Mr. Heckman in the event he is forced to pay for her medical treatment by an improper denial of coverage – could be considered in a broad sense one of the "benefits" due *to him* "under the terms of the plan" under the dictionary definition.  *See Richard K. v. United Behavioral Health*, No. 18-CV-6318 (GHW) (BCM), 2019 WL 3083019, at *15 (S.D.N.Y. June 28, 2019), *report and recommendation adopted*, 2019 WL 3080849 (S.D.N.Y. July 15, 2019) ("[Plaintiff] is a plan 'participant' who seeks to recover

benefits for care provided to his minor child, designated by him as a beneficiary of 'his plan.' On those facts, I have no trouble concluding that he seeks to recover benefits 'due to him' under the terms of that plan.").

Moreover, ERISA also provides standing to a participant such as Mr. Heckman to "enforce his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); *see Heffner*, 443 F.3d at 1338. "One such right is to have the medically necessary procedures of a participant's beneficiaries covered. Closely related is the right to be reimbursed the costs of any procedures that should have been covered by the plan and that, in the absence of coverage, are in fact paid by the participant." *Tony M. v. United Healthcare Ins. Co.*, No. 2:19-cv-00165, 2019 WL 5066806, at *3 (D. Utah Oct. 9, 2019).

United argues that the statutory provision for enforcement of rights is identical in scope to the provision for recovery of benefits. *See* (Doc. 30 at 4). But as the court in *Tony M.* observed in response to the same argument, apparently made by the same Defendant here, the provision "is not as restrictive as United claims." *Id.* at *3. If it were, the language referring to enforcement of "rights" under the plan would be mere surplusage. *Id.* "To 'enforce [one's] rights under the terms of the plan,' then, must mean something more than merely to recover personal benefits." *Id.*

Substantial precedent, including the case law cited by Plaintiffs, supports the existence of a cause of action for Mr. Heckman under these circumstances, whether he is deemed to have a direct right of action or alternatively a "derivative" right of

action as a subrogee of Mrs. Heckman. *See Tony M.*, 2019 WL 5066806, at *3; *Richard K.,* 2019 WL 3083019, at *15; *Anne M. v. United Behavioral Health*, No. 2:18-cv-808 TS, 2019 WL 1989644, at *3-4 (D. Utah May 6, 2019); *Potter v. Blue Shield of Cal. Life & Health Ins. Co.*, No. SACV 14-0837-DOC (ANx), 2014 WL 6910498, at *4-8 (C.D. Cal. Nov. 26, 2014); *Lisa O. v. Blue Cross of Idaho Health Serv. Inc.*, No. 1:12-CV-00285-EJL-LMB, 2014 WL 585710, at * 1-4 (D. Idaho Feb. 14, 2014); *Wills v. Regence BlueCross BlueShield of Utah*, No. 2:07-CV-616BSJ, 2008 WL 4693581, at *7-10 (D. Utah Oct. 23, 2008); *Jandek v. AT&T Corp.*, No. 95 C 1439, 1995 WL 476608, at *3 (N.D. Ill. Aug. 10, 1995).

United relies on cases that offer no analysis of the statutory or plan language. *See Ray v. PPOM, L.L.C.*, No. 04-60287, 2005 WL 1984470 (E.D. Mich., Aug. 9, 2005), *Powers v. BlueCross Blue Shield of Ill.*, 947 F. Supp. 2d 1139 (D. Colo. 2013), and *Burton v. Blue Cross Blue Shield of Kansas City*, No. 13-2099-JTM, 2013 WL 6709570 (D. Kan. Dec. 18, 2013). *Ray* and *Burton* are also distinguishable because in neither case does it appear that the plaintiff had actually paid the medical bills at issue.

*Lightfoot v. Principal Life Ins. Co.*, No. CIV-11-130-M, 2011 WL 2036649 (W.D. Okla. May 24, 2011), addresses the terms of the relevant plan. In that case, a father sought to recover amounts he paid for medical services provided to his adult son. The son was not a dependent of the father and was not a beneficiary of the plan based on his father's employment. Instead, the son was an employee and participant in the plan in his own right. *See id.* at *1-2. The court found the

governing plan language did not permit payment to the father under those facts. United fails to explain how the terms of the Nike Plan would dictate the same result on the different facts presented here.

Based on the facts alleged in the amended complaint, Mr. Heckman has statutory standing under ERISA. Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant UnitedHealthcare Insurance Co.'s Partial Motion to Dismiss and Memorandum of Law in Support" (Doc. 30) is **DENIED**.

2. Defendant UnitedHealthcare Insurance Co. is directed to file an answer to the amended complaint on or before July 31, 2020.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of July, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**